## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| STARKEY LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACACIA RESEARCH CORPORATION, and <br><br> ACACIA RESEARCH GROUP, and <br><br> ADAPTIVE SONICS LLC, <br><br> Defendants. | C.A. No. <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT WITH JURY DEMAND

Plaintiff Starkey Laboratories, Inc. ("Starkey") for its Complaint against Defendants Acacia Research Corporation ("Acacia Corp."), Acacia Research Group LLC ("Acacia Group") and Adaptive Sonics LLC ("Adaptive Sonics") (collectively "Acacia"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Plaintiff Starkey seeks a declaration that its products, including at least the Micro-Tech Alpine II Products, the Ignite Products and the E Series 3 Products, do not infringe certain intellectual property of Defendants.  Specifically, Plaintiff Starkey seeks a declaratory judgment that (a) its Micro-Tech Alpine II Products, Ignite Products and E Series 3 Products do not infringe United States Patent No. 5,473,701, entitled "Adaptive Microphone Array"

(the "'701 patent"); and (b) that the '701 patent is invalid. A copy of the '701 patent is attached hereto as Ex. A.

## THE PARTIES

2.      Plaintiff Starkey is a corporation organized and existing under the laws of Minnesota with its principal place of business at 6700 Washington Avenue South, Eden Prairie, Minnesota 55344. Plaintiff Starkey is a recognized leader in the field of hearing aid technology and sells hearing aid products through authorized hearing professionals in the United States.

3.      Upon information and belief, Defendant Acacia Corp. is a corporation organized and existing under the laws of Delaware with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660. Defendant Acacia Corp. is a non-practicing entity that does not make or sell any product but conducts business by acquiring patents from inventors and monetizing the patents through licensing discussions and/or litigation. Defendant Acacia Corp. creates various subsidiaries to conduct the licensing negotiations and engage in litigation on Acacia Corp.'s behalf. The relevant wholly owned subsidiaries of Acacia Corp. in this case are Defendant Acacia Group and Defendant Adaptive Sonics. Acacia Corp. is the parent company of Defendant Acacia Group, which is the parent company of Defendant Adaptive Sonics. Defendants Acacia Corp., Acacia Group and Adaptive Sonics are all engaged in the same business of acquiring patents and monetizing those patents through license discussions and/or litigation. Defendant Acacia Corp. directs and manages the activities of its wholly owned subsidiaries Defendant Acacia Group and Defendant Adaptive Sonics in this regard.

4.      Upon information and belief, Defendant Acacia Group is a limited liability company organized and existing under the laws of Texas with its principal

83245900.1                                                    2

places of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034 and 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660. Defendant Acacia Group is a wholly owned subsidiary of Defendant Acacia Corp. and is directed by Defendant Acacia Corp. to engage in the business of acquiring patents and monetizing those patents through licensing discussions and/or litigation. Like its parent company, Defendant Acacia Corp., Defendant Acacia Group also creates various subsidiaries to conduct the licensing negotiations and engage in litigation on Acacia Corp.'s and Acacia Group's behalf. In this case, Defendant Acacia Group created the wholly owned subsidiary Defendant Adaptive Sonics to enforce and litigate the '701 patent against Plaintiff Starkey and other hearing aid manufacturers. Defendants Acacia Group and Acacia Corp. control and manage Defendant Adaptive Sonic's efforts in this regard.

5.      Upon information and belief, Defendant Adaptive Sonics is a limited liability company organized and existing under the laws of Texas with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034. Defendant Adaptive Sonics is a wholly owned subsidiary of Defendant Acacia Group and has been directed by Defendants Acacia Corp. and Acacia Group to engage in the business of monetizing the '701 patent through licensing discussions and/or litigation. Defendant Adaptive Sonics alleges that it is the assignee and sole owner of the '701 patent. In this case, Defendant Adaptive Sonics has attempted to enforce and litigate the '701 patent against Plaintiff Starkey and other hearing aid manufacturers in this district and in the Eastern District of Texas. Defendants Acacia Group and Acacia Corp. control and manage Defendant Adaptive Sonic's efforts in this regard and Defendant Adaptive Sonics has acted as a mere instrumentality or alter ego of Defendants Acacia Group and Acacia Corp. in its enforcement and litigation of the '701 patent.

## JURISDICTION AND VENUE

6.    There is an actual controversy between Plaintiff Starkey and Defendants Acacia Corp., Acacia Group and Adaptive Sonics regarding whether Plaintiff Starkey's Micro-Tech Alpine II Products, Ignite Products and E Series 3 Products infringe the '701 patent and whether the '701 patent is valid and enforceable.

7.    This action arises under the Acts of Congress relating to patents, 35 U.S.C. §§ 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338(a), 35 U.S.C. §§ 1 *et seq.*, and 28 U.S.C. §§ 2201 and 2202.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as a substantial part of the events giving rise to this lawsuit took place in this judicial district.  Further, venue is also proper in this Court under 28 U.S.C. § 1391(c) because Defendant Acacia Corp. has sufficient minimum contacts with this forum and because this Court has previously deemed Defendant Acacia Corp. to be subject to personal jurisdiction in this district in a previous case.  *See* Ex. B, Report and Recommendations at 19-21, *Cognex Corp. v. VCode Holdings, Inc., et al.,* 06-cv-1040 (D. Minn. Sept. 14, 2006) (Dkt. No. 57); Ex. C, Order Adopting J. Graham's Report and Recommendation at 1, *Cognex Corp. v. VCode Holdings, Inc., et al.,* 06-cv-1040 (D. Minn. Oct. 24, 2006) (Dkt. No. 70). Accordingly, venue is proper in this Court with respect to all Defendants under an alter ego theory because Defendant Adaptive Sonics acts as a mere instrumentality or alter ego of both Defendants Acacia Group and Acacia Corp., and Defendant Acacia Group acts as a mere instrumentality or alter ego of Defendant Acacia Corp.  Because the three companies are indistinguishable from each other, the acts of the subsidiaries may be

imputed to the parent companies for purposes of jurisdiction in this case to prevent an injustice to Plaintiff Starkey.

## FACTUAL ALLEGATIONS

### Plaintiff Starkey Has A Reasonable Apprehension of a Patent Infringement Suit by Defendants Targeting Plaintiff Starkey's Micro-Tech Alpine II, E Series 3 and Ignite Products

9.     Defendant Adaptive Sonics purports to be the owner of all right, title, and interest in and to the '701 patent.

10.     Plaintiff Starkey manufactures hundreds of different models of hearing aids, each with varying features, applications and technologies.  None of Plaintiff Starkey's hearing aids operate in a manner that is similar or related to the process, methods and/or apparatus claims disclosed in the '701 patent.

11.     Nevertheless, on January 13, 2012, Defendant Adaptive Sonics filed a lawsuit against Plaintiff Starkey in the United States District Court for the Eastern District of Texas for infringement of the '701 patent. *See* Ex. D, Complaint, *Adaptive Sonics LLC v. Starkey Labs., Inc.*, 2:12-cv-00031 (E.D. Tex) (Dkt. No. 1). Upon information and belief, on the same date, Defendant Adaptive Sonics also filed related suits against three other hearing aid manufacturers, Sonics Innovations, Inc, GN Resound A/S and Widex A/S, for their alleged infringement of the '701 patent.  Upon information and belief, those manufacturers have since settled their litigation with Defendant Adaptive Sonics.

12.     In its lawsuit, Defendant Adaptive Sonics specifically accused Plaintiff Starkey's "Wi-Series i110 hearing aid" as the sole "Accused Product" that allegedly infringes the '701 patent.  *Id.* at 4-5.  No other product was mentioned or identified as an "Accused Product" in the Complaint.

83245900.1                                                      5

13.     Counsel for Defendant Adaptive Sonics sent a letter on January 17, 2012 to Plaintiff Starkey in Minnesota reiterating that the "Accused Product" in the lawsuit was the "Wi-Series i110 hearing aid."

14.     Shortly after receiving the January 17, 2012 letter in Minnesota, Plaintiff Starkey's General Counsel, Susan Mussell, contacted counsel for Defendant Adaptive Sonics by phone and requested Defendant Adaptive Sonics provide a basis for its claims of infringement against the "Wi-Series i110 hearing aid." Defendant Adaptive Sonics refused at that time to elaborate on its claims but reiterated that Plaintiff Starkey infringed the "Wi-Series i110 hearing aid."

15.     Eventually Defendant Adaptive Sonics agreed to attend a March 20, 2012 conference call with Plaintiff Starkey. Prior to the call, Plaintiff Starkey provided Defendant Adaptive Sonics with a proposed agenda, which included a request for their representatives to explain the basis for their infringement claims so that Plaintiff Starkey could respond. Counsel for Defendant Adaptive Sonics objected to discussing its infringement claims on the call.

16.     Despite Defendant Adaptive Sonics' refusal to set forth the basis for its claims against the "Wi-Series i110 hearing aid" on the conference call, Plaintiff Starkey requested that the call to go forward so that Plaintiff Starkey could inform Defendant Adaptive Sonics exactly how Plaintiff Starkey's "Wi-Series i110 hearing aid" works and to show that it does not infringe the '701 patent.

17.     The call was attended in Minnesota by the following people from Plaintiff Starkey: General Counsel, Susan Mussell; Vice President of Research, Dr. Brent Edwards; and Chief Technology Officer, Dr. Tim Trine. Defendant Adaptive Sonic's attorneys, John Posthumus and Ben Lieb, attended the call as well as three others identified as Adaptive Sonics employees: Steve Wong, Dr. Phillip Mitchell and Jim Pisa.

18.     During the call, Plaintiff Starkey outlined specifically how the "Wi-Series i110 hearing aid" does not infringe the '701 patent.  As expected, participants present on behalf of Defendant Adaptive Sonics refused to speak about the alleged basis for Defendant Adaptive Sonic's claims.  Plaintiff Starkey followed up on that conversation with two letters reiterating its non-infringement position with regard to the "Wi-Series i110 hearing aid" and seeking a claim chart or even a short statement of Defendant Adaptive Sonic's basis for its infringement claim against the "Wi-Series i110 hearing aid."  Plaintiff Starkey heard nothing in return.  Despite Plaintiff Starkey's attempts to settle the case without further pleadings, Plaintiff Starkey answered the Complaint on April 2, 2012 asserting it did not infringe the "Wi-Series i110 hearing aid."  *See* Ex. E, Answer at 3-4, *Adaptive Sonics LLC v. Starkey Labs., Inc.*, 2:12-cv-00031 (E.D. Tex) (Dkt. No. 6).  Plaintiff Starkey simultaneously filed a Motion to Change Venue to this district.  *See* Ex. F, Defendant Starkey Labs., Inc.'s Mot. to Transfer to the District of Minnesota, *Adaptive Sonics LLC v. Starkey Labs., Inc.*, 2:12-cv-00031 (E.D. Tex) (Dkt. No. 5) .

19.     Plaintiff Starkey never received a claim chart from Defendant Adaptive Sonics regarding its claims of infringement against the "Wi-Series i110 hearing aid."

20.     Instead, on May 25, 2012, Plaintiff Starkey received an e-mail in Minnesota from Defendant Adaptive Sonic's counsel attaching claim charts for three of Plaintiff Starkey's products that were not related to the "Wi-Series i110 hearing aid," were never mentioned in the Texas Complaint, and were not discussed by Defendant Adaptive Sonics in any phone call, letter or discussion: the Micro-Tech Alpine II, E Series 3 and Ignite Products.  Defendant Adaptive Sonics stated that these products "form the basis of Adaptive Sonic's Complaint."

21.     The Micro-Tech Alpine II, E Series 3 and Ignite products were not and have never been accused by Defendant Adaptive Sonics as "Accused Products"

in the Texas lawsuit.  Indeed, the only "Accused Product" specifically identified in the Adaptive Sonics lawsuit against Plaintiff Starkey in Texas is the "Wi-Series i110 hearing aid."

22.    Plaintiff Starkey accordingly has a reasonable apprehension of being sued for infringement of the '701 patent in a separate lawsuit by Defendants targeting the Micro-Tech Alpine II, E Series 3 and Ignite products.

23.    Plaintiff Starkey denies that it has infringed, contributed to the infringement, or induced others to infringe any valid and enforceable claim of the '701 patent through its manufacture, use or sale of the Micro-Tech Alpine II, E Series 3 and Ignite products.

## Defendants Adaptive Sonics, Acacia Group and Acacia Corp. are Indistinguishable Entities Acting as One Unit

24.    Upon information and belief, while Defendant Adaptive Sonics is the named Plaintiff in the Texas infringement action and has been the face of the allegations against Plaintiff Starkey for the alleged infringement of the Micro-Tech Alpine II, E Series 3 and Ignite products, Defendants Acacia Group and Acacia Corp., as parent companies to Defendant Adaptive Sonics, are driving the accusations of infringement and are in control of Defendant Adaptive Sonics for purposes of this litigation.  Defendant Adaptive Sonics acts as the alter ego of Defendants Acacia Group and Acacia Corp.  Similarly, Defendant Acacia Group acts as the alter ego of Defendant Acacia Corp.  The three companies are indistinguishable and, as such, the actions of Defendants Adaptive Sonics should be imputed to Defendants Acacia Group and Acacia Corp., and the actions of Defendant Acacia Group should be imputed to Defendant Acacia Corp. where necessary to prevent fraud or injustice.

**General Overlap Between Defendants Adaptive Sonics, Acacia Group and Acacia Corp.**

25.     Upon information and belief, Defendant Adaptive Sonics is wholly owned by Defendant Acacia Group.  Defendant Adaptive Sonics shares the same address in Texas as Defendant Acacia Group. *See* Ex. G, Acacia Research Group Contact Us Webpage, http://www.acaciaresearchgroup.com/contact.htm.   All of Defendant Adaptive Sonic's affairs are handled through Defendant Acacia Group, its sole member.  *See* Ex. H, Adaptive Sonics LLC Certificate of Formation Limited Liability Company, Form 205 (Sept. 29, 2011).

26.     Upon information and belief, Defendant Acacia Group is wholly owned by Defendant Acacia Corp.  Defendant Acacia Group shares an office with Defendant Acacia Corp. in California. *See* Ex. G; Ex. I, Acacia Research Corp. Contact Us Webpage, http://www.acaciaresearch.com/contact.htm.    Upon information and belief, all of Defendant Acacia Group's affairs are handled through Defendant Acacia Corp.

27.     Upon information and belief, Defendant Acacia Corp. submits consolidated financial reports with the SEC on behalf of all Defendants.  *See* Ex. J, Acacia Research Corp 8-K SEC Filing (July 19, 2012) and Press Release.  In its financial reports and public statements regarding its SEC filings, Defendant Acacia Corp. speaks on behalf of its subsidiaries.  *Id.* at Press Release.  Upon information and belief, the revenues of Defendants Adaptive Sonics and Acacia Group are reported in consolidated tax returns by Defendant Acacia Corp.

28.     Upon information and belief, Defendant Adaptive Sonics has no employees of its own that are not also involved in the management of Defendants Acacia Group and/or Acacia Corp.

29.     Upon information and belief, the known officers of Defendant Adaptive Sonics are officers and leaders of Defendants Acacia Group and/or Acacia

Corp.  For example, Defendant Adaptive Sonic's CEO, Dooyong Lee, is also the CEO of Defendant Acacia Group and the Executive Vice President of Defendant Acacia Corp.  *See* Ex. K, Acacia Research Group Management People Webpage, http://www.acaciaresearch.com/aboutus_mgmt.htm, Acacia Research Corp., People Webpage, http://www.acaciaresearchgroup.com/aboutus_mgmt.htm. Defendant Adaptive Sonic's Officer, Marvin Key, is also the Senior Vice President of both Acacia Group and Acacia Corp.  *See* Ex. K.  Another of Defendant Adaptive Sonic's Officers, Tisha Stender, is also a Senior Vice President of Acacia Group.  *See* Ex. K.  In addition, the person who filed the Certificate of Formation for Defendant Adaptive Sonics in Texas, Cheryl Willeford, is a Committee Member for Defendant Acacia Corp.'s Board of Directors.  *See* Ex. K.

30.    Upon information and belief, the known officers of Defendants Acacia Group and Acacia Corp. are nearly identical.  In fact, five of the seven officers of Defendant Acacia Corp. are officers of Defendant Acacia Group.  *See* Ex. K.

31.    Defendant Acacia Corp. speaks for Defendants Acacia Group and Adaptive Sonics in press releases and on its website.  *See* Ex. J; Ex. L, Acacia Research Corp., Press Release, Acacia Subsidiary Enters Into Settlement Agreements with Manufacturers of Hearing Aids (May 29, 2012).

32.    Upon information and belief, these three companies do not and cannot engage in arm's-length dealings with each other because they are identical. Defendants Acacia Corp. and Acacia Group have such control over Defendant Adaptive Sonics that the three are indistinguishable.

**Specific Overlap Between Defendants Adaptive Sonics, Acacia Group and Acacia Corp. in This Case**

83245900.1                                   10

33.    Upon information and belief, Defendant Adaptive Sonics sued Plaintiff Starkey in the Eastern District of Texas just three months after being "formed" as a limited liability company in Texas by a representative of Defendant Acacia Corp.  Upon information and belief, the company was formed with the specific purpose to litigate the '701 patent in Texas on Defendants Acacia Group and Acacia Corp.'s behalf and to avoid jurisdiction in other venues.

34.    Upon information and belief, the discussions between the parties after the Complaint was filed involved representatives from Defendants Acacia Group and Acacia Corp.  On the first phone call with Plaintiff Starkey, Steve Wong, Phillip Mitchell and Jim Pisa all appeared as representatives of Defendant Adaptive Sonics.  Each of these "representatives" either manages, directs or is employed by Acacia Group and/or Acacia Corp:  Steve Wong is Vice President of Defendant Acacia Group, Dr. Phillip Mitchell is Vice President of Engineering of Defendant Acacia Group and Jim Pisa is a Consultant – Medical Device and Imaging Systems at "Acacia Research."  *See* Ex. K; Ex. M, Jim Pisa LinkedIn Profile, http://www.linkedin.com/in/jimpisa.  No one on the call was solely an employee of Defendant Adaptive Sonics.

35.    Upon information and belief, the Defendant Adaptive Sonics witnesses allegedly knowledgeable about the '701 patent–Dr. Mitchell, Dooyong Lee, Marvin Key and Tisha Stender–are all Acacia Group and/or Acacia Corp. officers and leaders.

36.    Defendant Acacia Corp. has spoken on behalf of Defendant Adaptive Sonics in press releases regarding the '701 patent.  *See* Ex. L.  Specifically, Defendant Acacia Corp. announced that "its Adaptive Sonics LLC subsidiary has entered into settlement and patent license agreements with manufacturers of hearing aids."  *Id.*  The release then only identifies Acacia Research Corporation as the author of the release.  *Id.*

83245900.1                                11

37.   Defendant Acacia Corp. reported on the settlements Defendants Adaptive Sonics entered into with other hearing aid manufacturers as part of its recent 8K statement with the SEC.  *See* Ex. J.  These settlements were labeled as "Business Highlights and Recent Developments" for Defendant Acacia Corp.  *Id.*

38.   Upon information and belief, Defendants Adaptive Sonics, Acacia Group and Acacia Corp. act as one indistinguishable company with regard to the allegations of infringement of the '701 patent and the enforcement of the '701 patent against Plaintiff Starkey.  The Micro-Tech Alpine II Products, the E Series 3 Products and the Ignite Products are not at issue in the Texas case and, given the claim charts submitted in Minnesota by Defendants' counsel accusing Plaintiff Starkey of infringement based on those products, it is reasonable for Plaintiff Starkey to be apprehensive of suits from either Defendant Adaptive Sonics, Defendant Acacia Group or Defendant Acacia Corp. with regard to those products. An actual controversy accordingly exists between Plaintiff Starkey and Defendants Adaptive Sonics, Acacia Group and Acacia Corp. regarding whether Plaintiff Starkey has infringed any valid claim of the '701 patent by making, using or selling the Micro-Tech Alpine II, E Series 3 and/or Ignite Products.

## FIRST CLAIM OF RELIEF
### Non-infringement

39.   Plaintiff Starkey hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

40.   A case or controversy exists between Plaintiff Starkey and Defendants Adaptive, Acacia Group and Acacia Corp. concerning the non-infringement of the '701 patent, *inter alia*, due to Defendants' claims specifically targeting the Micro-Tech Alpine II Products, the Ignite Products and the E Series 3 Products.

83245900.1                                        12

41.    Defendants have specifically alleged that Starkey has infringed and continues to infringe, either directly or indirectly, via contributory infringement or inducement of infringement, the '701 patent by making, using and/or selling the Micro-Tech Alpine II Products, the Ignite Products and the E Series 3 Products.

42.    Plaintiff Starkey does not infringe either directly or indirectly, via contributory infringement or inducement of infringement, the '701 patent.

43.    Plaintiff Starkey is entitled to declaratory judgment that its Micro-Tech Alpine II Products, the Ignite Products and the E Series 3 Products are not infringing, have not infringed, and that Plaintiff Starkey and its customers are not liable for infringing any claim of the '701 patent, either directly or by inducing others to infringe or by contributing to infringement by others, either literally or under the doctrine of equivalents.

## SECOND CLAIM OF RELIEF
### Invalidity

44.    Plaintiff Starkey hereby restates and re-alleges the allegations set forth in preceding paragraphs and incorporates them by reference.

45.    A case and controversy exists between Plaintiff Starkey and Defendants Adaptive Sonics, Acacia Group and Acacia Corp. concerning the validity of the '701 patent.

46.    The claims of the '701 patent are therefore invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including Sections 101, 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Starkey seeks judgment in its favor and against Defendants as follows:

83245900.1                                              13

a.    A declaration that Plaintiff Starkey has not infringed, directly or indirectly, induced others to infringe or contributed to infringement of any valid claim of United States Patent No. 5,473,701 by making, using or selling the Micro-Tech Alpine II Products, the Ignite Products and the E Series 3 Products; and

b.    A declaration that United States Patent No. 5,473,701 is invalid; and

c.    The award of its attorneys' fees, costs and expenses pursuant to the equitable powers of the Court, including under at least 35 U.S.C. § 285, 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

d.    The award of any such other necessary or proper relief as justice may require.

## JURY DEMAND

Plaintiff Starkey hereby demands a trial by jury on all issues triable by a jury.

Dated: July 25, 2012                Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

_/s Carrie M. Lambert_____
Ronald J. Schutz, Esq.
(MN Bar No. 130849)
Carrie M. Lambert, Esq.
(MN Bar No. 314067)
Christine Yun Sauer, Esq.
(MN Bar No. 0391314)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402
Telephone:  (612) 349-8500
Email:  rjschutz@rkmc.com
Email:  cmlambert@rkmc.com
Email:  csyunsauer@rkmc.com

**Attorneys for Plaintiff Starkey Laboratories, Inc.**

83245900.1                              14